IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH AUMILLER, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 14-4175 |
| | : | |
| WARDEN GEORGE WAGNER et al., | : | |
|     Defendants. | : | |

**Jones, II    J.**                                                                              **January 29, 2015**

**<u>Memorandum</u>**

      This is a pro se civil rights action filed by Kenneth Aumiller ("Plaintiff"), a state prisoner, for damages under 42 U.S.C. § 1983 alleging excessive force and denial of medical care in violation of the Eighth Amendment against Defendants Warden George Wager ("Wagner"), Deputy Warden Berkley ("Berkley"), Lieutenant Castro ("Castro"), Sergeant Rescorla ("Rescorla"), Nurse Sandy Swartley ("Swartley"),[1] and John Does 1-3. (Dkt No. 3, Complaint [hereinafter Compl.] at 1.) Plaintiff alleged that between December 11, 2012 and December 31, 2012, he did not receive medication he required for his severe anxiety disorder. Further, during an anxiety attack on December 23, 2012, Plaintiff alleged that he was "tased 8 times, causing burns to the contacted skin area." (Compl. at 3.)

      Defendants Wagner and Castro moved to dismiss all claims against them in their individual and official capacities. (Dkt No. 16, Defs. Wagner and Castro Mot. to Dismiss [hereinafter W&C MTD] at 4-7.) Defendant Swartley moved to dismiss all claims against her in her individual and official capacities. (Dkt No. 15, Def. Swartley Mot. to Dismiss [hereinafter Swartley MTD] ¶¶ 7-8.)

      Viewing the Complaint in the light most favorable to Plaintiff, the Court holds that (1) Defendants' Motions to Dismiss all claims against Defendants Wagner, Castro, and Swartley in their official capacities, (Dkt Nos. 15, 16) are GRANTED and such claims are DISMISSED WITH PREJUDICE; (2) Defendant Swartley's Motion to Dismiss claims against her in her individual capacity, (Dkt No. 15), is DENIED; and (3) Defendants Wagner and Castro's Motion

---

[1] Defendant Sandy Swartley was listed as Defendant Sandy "Doe" in Plaintiff's initial Complaint.

to Dismiss claims against them in their individual capacities, (Dkt No. 16), is GRANTED and such claims are DISMISSED WITH PREJUDICE.

### I.     Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### II.    Background
#### a.     Facts

For the purpose of deciding the two instant Motions, the Court must take all alleged facts as true. *Phillips*, 515 F.3d at 233. On December 11, 2012, Plaintiff was taken to the Berks County Prison as a result of an arrest that occurred on December 10, 2012. (Compl. ¶ 13.) Plaintiff notified prison and medical staff at the Berks County Prison that he was subject to severe anxiety attacks which required medication. (Compl. ¶ 14.) Plaintiff was classified as suicidal and placed in the medical department on suicide watch. (Compl. ¶ 15.) The medical department did not give Plaintiff the medicine he continually requested. (Compl. ¶ 17.) As a result of not receiving his medication, Plaintiff suffered numerous anxiety attacks. (Compl. ¶ 16.)

At an unspecified time, Plaintiff was interviewed by Swartley who instructed the officers that Plaintiff was not suicidal. (Compl. ¶ 26.) Plaintiff requested proper medication for his anxiety disorder. (Compl. ¶ 26.) Swartley refused to provide any medication or treatment. (Compl. ¶ 26.) Swartley told Plaintiff "[y]ou just need to get out of jail and see a counselor." (Compl. ¶ 26.)

On December 23, 2012, Plaintiff suffered a severe anxiety attack. (Compl. ¶ 18.) A housing unit officer asked Plaintiff is he was suicidal and Plaintiff responded that he was not. (Compl. ¶ 18.) Roughly fifteen minutes after reporting that he was not suicidal, Rescorla accompanied by Defendant Doe 1 came to Plaintiff's cell and told Plaintiff that he was going to be moved to the medical department. (Compl. ¶ 19.) Plaintiff told Rescorla and Defendant Doe 1 that he was not suicidal and did not want to be placed in the medical department. (Compl. ¶ 20.) Plaintiff was escorted to the medical department by Rescorla, and John Does 1-3. (Compl. ¶ 21.) Upon arrival in the medical department, Plaintiff suffered an anxiety attack and was in a near catatonic state. (Compl. ¶ 22.)

Rescorla ordered Plaintiff to put on a suicide smock. (Compl. ¶ 22.) Because Plaintiff was in a near catatonic state, Plaintiff could not put on the smock. (Compl. ¶ 22.) Rescorla ordered Defendants John Does 1-3 to taser Plaintiff and restrain him. (Compl. ¶ 23.) Defendants John Does 1-3 tasered Plaintiff eight times, cut Plaintiff's clothing from his body, and handcuffed, shackled, and placed Plaintiff in a restraint chair. (Compl. ¶ 24.) Plaintiff remained shackled and in the restraint chair for a period of hours. (Compl. ¶ 24.) On December 24, 2012, Plaintiff was awakened and escorted to the medical department in restraints. (Compl. ¶ 25.)

On December 31, 2012, Plaintiff was interviewed by Defendant Berkley and Nurse Gilmoure (not a party to this case) concerning his medical condition. (Compl. ¶ 27.) After this interview, Plaintiff was permitted to see a Psychiatrist, who prescribed proper mediation for Plaintiff's anxiety attacks. (Compl. ¶ 28.)

Plaintiff filed several institutional grievances concerning these events. (Compl. ¶ 29.) Plaintiff did not receive any responses to these grievances. (Compl. ¶ 29.)

  **b. Plaintiff's Causes of Action**

Of relevance to the pending Motions to Dismiss, Plaintiff alleged the following causes of action in his Complaint:
- Count III: Claim against Defendants Wagner, Castro, and Berkley in their individual and official capacities for deliberate indifference for failure to take disciplinary action to curb the known pattern of physical abuse of inmates by Defendants Resorla, Johns Does 1-3 in violation of the Eighth Amendment. (Compl. ¶ 32.)
- Count IV: Claim against Defendant Swartley in her individual and official capacities to provide Plaintiff with medication or treatment constituting deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment. (Compl. ¶ 33.)[2]

---

[2] As a threshold matter, the Eighth Amendment prohibits the infliction of cruel and unusual punishment on *convicted* prisoners. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting

Plaintiff demands declaratory relief, compensatory, and punitive damages. (Compl. at 14-15.)

### c. Defendants' Motions to Dismiss

Defendant Swartley moved to dismiss Count IV on the grounds that Plaintiff's bases his claim against her is that she failed to provide Plaintiff with medication or treatment, but that in fact (1) she is not a medical doctor so she could not have provided him with medication and (2) Plaintiff was provided treatment by a psychiatrist after meeting with her. (Swartley MTD ¶¶ 7-8.) Plaintiff responded to this Motion. (Dkt No. 17.)

Defendants Wagner and Castro also moved to dismiss the claims against them. (W&C MTD at 4-7.) Plaintiff did not respond to this Motion.

## III. Discussion

### a. All Defendants in their official capacities

#### i. Legal Standard

Claims against Defendants Wager, Castro, and Swartley in their individual capacities are suits against the entity at issue and not the official personally. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 n. 55 (1978). Municipal liability arises under section 1983 only when a constitutional deprivation results form an official policy or custom. *Monell*, 436 U.S. at 691-94. Under *Monell*, Plaintiff must show that policy existed "when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an

---

*Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977)). In this case, Plaintiff was a pretrial detainee, not a convicted prisoner. Thus, his claims would have been more properly pled under section 1983 as violations of the Due Process Clause of the Fourteenth Amendment. Nevertheless, the Third Circuit has recognized that the Fourteenth Amendment "affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *Revere*, 463 U.S. at 244) (internal citations omitted). The Third Circuit permits courts to apply the Eighth Amendment standards when evaluating pretrial detainees' claims of inadequate medical care and excessive force. *Natale*, 318 F.3d at 581 (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987)). Therefore, this Court both construes Plaintiff's claims as Fourteenth Amendment due process violations, but analyzes their merit under relevant Eighth Amendment standards.

official proclamation, policy, or edict." *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)). "Custom, on the other hand, can be proven 'by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (quoting *Andrews*, 895 F.2d at 1480). Thus "custom may be established by proving knowledge of, and acquiescence to, a practice." *Patterson v. City of Phila.*, 2009 WL 1259968, at *10 (E.D. Pa. 2009) (citing *Fletcher v. O'Donnell*, 867 F.2d 791, 793-94 (3d Cir. 1989)).

Beyond proving that an unlawful policy or custom existed, a plaintiff must also demonstrate that "such a policy or custom was the proximate cause of the injuries suffered." *Patterson*, 2009 WL 1249968, at *10 (citing *Bielevicz*, 915 F.2d at 850). "'A sufficiently close causal link between ... a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom.'" *Bielevicz*, 915 F.2d at 851 (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987)).

Plaintiff did not cite any unlawful official policy as the source of his injuries. Accordingly, in order to state claims against Defendants, Plaintiff must allege that each acted consistently with a practice or custom which caused a deprivation of a constitutional right. In other words, Plaintiff must aver "that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Berg v. County of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997)).

### ii. Plaintiff failed to sufficiently allege claims against any of the Defendants in their official capacities.

Plaintiff's Complaint failed to allege any claims against Defendants in their official capacities. Plaintiff's Complaint dis not allege any "well-settled and permanent" custom "as virtually to constitute law." *Andrews*, 895 F.2d at 1480. Plaintiff "does not adequately plead a custom or policy, or a link between the challenged restriction and a municipal decisionmaker..." *McTernan v. City of York*, 564 F.2d 636, 659 (3d Cir. 2009) (internal citations omitted). Parsing Plaintiff's Complaint, the Court can find nothing beyond conclusory legal statements, which must be disregarded in evaluating a Motion to Dismiss. Given the utter lack of any facts alleged that could substantiate these claims, the Court finds that amendment would not cure the Complaint. These claims are dismissed with prejudice.

### b. Defendant Swartley in her individual capacity

#### i. Standard of Review

In a civil rights case brought pursuant to 42 U.S.C. § 1983, Plaintiff must show that the Defendant, acting under the color of state law, deprived him of "rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). An individual state actor is liable under section 1983 only where he or she played an "affirmative part" in the alleged misconduct. *Mason v. City of Philadelphia*, 2014 WL 4722640, at *5 (E.D. Pa. 2014) (citing *Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir. 2005) (internal citations omitted)).

To establish a claim for a violation of the Eighth Amendment in the context of medical care, Plaintiff must show deliberate indifference on the part of the prison official and that the prisoner's medical needs are serious. *Monmouth County Correctional Institutional Inmates v.*

*Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) (quoting *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).[3] Deliberate indifference is manifest "[w]here prison authorities deny reasonable requests for medical treatment" and "such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury.'" *Monmouth*, 834 F.2d at 346 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)). Delay of necessary medical treatment for non-medical reasons also constitutes a showing of deliberate indifference. *Id.* at 346-47 (citing *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)). There must be proof that the conduct alleged was "deliberate and intentional."

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 347 (quoting *Pace v. Fauver*, 479 F.Supp. 456, 458 (D.N.J. 1979) (internal citations omitted).

### c. Plaintiff sufficiently pled that Defendant Swartley in her individual capacity exhibited deliberate indifference.

First, the Court holds that Plaintiff's medical need was "serious" under the *Estelle* test. Plaintiff notified prison and medical staff at the Berks County Prison that he was subject to severe anxiety attacks which required medication. (Compl. ¶ 14.) Plaintiff alleged that he, in fact, had multiple panic attacks while incarcerated and, on at least one occasion, went into a catatonic state. (Compl. ¶¶ 16, 22.)

The remaining question for the Court is whether Plaintiff sufficiently pled that Defendant Swartley was deliberately indifferent to his requests. Construing the facts in the light most favorable to the non-moving party, Plaintiff, the Court finds that Plaintiff sufficiently pled a claim against Defendant Swartley in her individual capacity. Plaintiff alleged that "upon

---

[3] This standard applies to Plaintiff as a pre-trial detainee. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 581 (3d Cir. 2003).

reception into the Prison," Plaintiff "notified prison and medical staff that he was subject to severe anxiety attacks which required medication." (Compl. ¶ 14.) Thus, Swartley was on notice as early as December 11, 2012 that Plaintiff had a severe medical condition. Furthermore, Plaintiff alleged that he personally told Swartley that he had been previously diagnosed and afforded medication. (Compl. ¶ 26.) Plaintiff alleged that Swartley had the ability to provide a referral to a psychiatrist, but chose not to do so. (Compl. ¶ 26.) Plaintiff further alleged that Swartely showed deliberate indifference through her statement "[y]ou just need to get out of jail and see a counselor." (Compl. ¶ 26.)

The fact that Swartley could not prescribe medication personally is not at issue. Plaintiff clearly pled that the issue was that Swartley had the authority to, but refused to, provide Plaintiff with the relevant referral to a physician who could supply Plaintiff with a prescription. Plaintiff alleged that he did not receive this referral until December 31, 2012. (Compl. ¶ 27.) Thus, according to Plaintiff's complaint, because of Swartley's alleged deliberate indifference, Plaintiff was without medication from roughly December 11, 2012, until December 31, 2012. It is Plaintiff's contention that these twenty days, which included his severe December 23, 2012 episode, constituted cruel and unusual punishment in violation of his Eighth Amendment rights.

Plaintiff sufficiently pled an Eighth Amendment violation against Defendant Swartley in her individual capacity so as to survive this Motion to Dismiss. Defendant Swartley's Motion to Dismiss Count IV's claims against her in her individual capacity is denied.

### d. Defendants Wagner and Castro in their individual capacities

#### i. Legal Standard

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing *Parratt,* 451 U.S. at 537 n. 3). Personal involvement can be shown through allegations of "personal direction of or actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08.  A showing of actual knowledge must be made with "appropriate particularity." *Id.* Second, Plaintiff can also show supervisory liability by pleading that Defendants were policymakers who acted "with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm." *A.M. v. Luzerne County Juvenile Det.* Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (citing *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)).

To the latter approach, to hold a supervisor liable for such an Eighth Amendment violation, Plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. *Sample v. Diecks,* 885 F.2d 1099 (3d Cir. 1989). Until recently, it was an open question in this Circuit whether this standard survived *Iqbal*. The Third Circuit recently held that the *Sample* test did survive *Iqbal*. *Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 319 (3d Cir. 2014). The Court will thus employ this test in its analysis.

### ii. Plaintiff failed to sufficiently plead claims against Defendants Wagner and Castro in their individual capacities. These claims are dismissed.

First, Plaintiff did not allege that Defendants Wagner or Castro were personally involved in the incidents in dispute. There was no allegation that these Defendants were present during the incident, or that they had knowledge of the incident. Thus, under this approach, Plaintiff failed to allege supervisory liability. *Rode*, 845 F.2d at 1207-08.

Second, Plaintiff did not show supervisory liability under the second approach either because Plaintiff did not allege any policy or procedures related to the alleged deprivation of his Eighth Amendment rights. *Sample v. Diecks,* 885 F.2d 1099 (3d Cir.1989).

In conclusion, because Plaintiff failed to allege that Defendants engaged in any affirmative conduct related to the relevant incidents, Plaintiff's claims fail to survive this Motion to Dismiss. The Court finds that amendment would not cure these claims. The claims against Defendants Wagner and Castro in their individual capacities are dismissed with prejudice.


BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.