IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH AUMILLER,                          :
          Plaintiff,             :
                                    :                CIVIL ACTION
     v.                               :                NO. 14-4175
                                      :
WARDEN GEORGE WAGNER et al.,                :
          Defendants.            :

## Order

AND NOW, this 29th day of January, 2015, upon consideration of Defendant Sandy Swartley's Motion to Dismiss, (Dkt No. 15), and Plaintiff's Response, (Dkt No. 17), it is hereby ORDERED that said Motion is GRANTED IN PART AND DENIED IN PART: Count IV claims against Defendant Swartley in her official capacity are DISMISSED WITH PREJUDICE, but Count IV claims against Defendant Swartley in her individual capacity remain.

FURTHER, upon consideration of Defendants Warden George Wagner and Lieutenant Castro's Motion to Dismiss, (Dkt No. 16), it is hereby ORDERED that said Motion is GRANTED and Count III claims against Defendants Wagner and Castro, in both their official and individual capacities, are DISMISSED WITH PREJUDICE.

The Court further notes that Defendant Berkley was not timely served. Plaintiff is granted sixty (60) days from the date of this Order to properly serve Defendant. If Plaintiff fails to serve Defendant in that time, claims against Defendant Berkley will be dismissed.[i] The Plaintiff is reminded that "it is plaintiff's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the defendant's correct address, so service can be made." (Dkt No. 2, Court's Order dated July 23, 2014 ¶ 9.)

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II     J.

---

[i] Plaintiff failed to serve Defendant Berkley in the time period required by Federal Rule of Civil Procedure 4(m). "If a defendant is not served within 120 days after the complaint is filed, the court – on

motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for that failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

 In this case, Plaintiff was granted *in forma pauperis* status. Even though it will be the role of the United States Marshal Office to serve Defendant, it is incumbent upon Plaintiff to provide the Clerk's Office with the appropriate address at which to serve Defendant Berkley.